IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BILLY DEAN HUDDLESTON, JR., | § | Case No. 16-31488-sgj-7 |
| | § | Chapter 7 |
| Debtor. | § | |
| —————————————— | § | |
| | § | |
| BILLY DEAN HUDDLESTON, JR., | § | |
| | § | |
| Appellant, | § | |
| | § | Adversary Proceeding No. |
| | § | 16-03130-sgj |
| v. | § | |
| | § | Civil Action No. 3:17-cv-1964-K |
| FORT APACHE ENERGY, INC., | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is an appeal from the bankruptcy court's order granting Final Judgment in favor of Fort Apache Energy, Inc. ("Fort Apache") on July 7, 2017. Billy Dean Huddleston, Jr., ("Huddleston") asserts six issues on appeal: (1) the bankruptcy court erred in excepting Fort Apache's claim from discharge; (2) the bankruptcy court erred in piercing the veil to find Huddleston personally liable for Huddleston Exploration LLC's debt to Fort Apache; (3) the bankruptcy court erred in calculating the amount of Fort Apache's claim; (4) the bankruptcy court erred in awarding attorney's fees to Fort Apache; (5) the bankruptcy court erred by including irrelevant

1

evidence of facts that occurred prior to the June 2014 Agreement; (6) the bankruptcy court erred in not finding Fort Apache elected its remedy before filing suit in the state court. For the following reasons, the Court **AFFIRMS** the bankruptcy court's order granting Final Judgment in favor of Fort Apache.

I. Background

Huddleston is the sole managing member of Huddleston Exploration LLC ("Huddleston Exploration"). In June 2012, Huddleston Exploration entered a joint operating agreement with Fort Apache in which Huddleston Exploration agreed to raise funds required to drill and complete an oil well in Louisiana in exchange interest in the well. Huddleston Exploration repeatedly failed to make payments, and Huddleston repeatedly represented to Fort Apache that he needed more time to raise the money. Based on these representations, the parties renegotiated their agreement and signed the June 2014 Agreement, reducing Huddleston Exploration's interest in the well and reducing the amount owed. The June 2014 Agreement also made Huddleston personally liable for $1,400,000.

In November 2014, Fort Apache filed suit in state court for breach of contract. Through discovery Fort Apache learned Huddleston Exploration had raised millions more than it paid to Fort Apache. Instead, Huddleston transferred the money from Huddleston Exploration's accounts to his personal accounts. Huddleston gambled away the money or spent it on other personal items all the while telling Fort Apache

he could not raise sufficient funds to make the payments. On April 8, 2016, the state suit was stayed when both Huddleston and Huddleston Exploration filed for Chapter 7 bankruptcy. Fort Apache then filed this adversary proceeding to address the dischargeability of the debt Huddleston personally owed Fort Apache.

The bankruptcy court found Huddleston was liable for his obligation under the June 2016 Agreement and, through piercing the corporate veil, liable for the entire debt Huddleston Exploration owed to Fort Apache under the joint operating agreement. The bankruptcy court found this debt was a nondischargable debt because Huddleston "perpetuated a fraudulent scheme by transferring investor funds from Huddleston Exploration to himself and spending them on personal expenses with the intent of defrauding Fort Apache as a creditor." *In re Huddleston*, Civ. Action No. 16-31488-sgj-7, 2017 WL 1207522, at *14 (Bankr. N.D. Tex. March 31, 2017).

## II. Legal Standard

This Court reviews the bankruptcy court's conclusions of law under a de novo standard, findings of fact under a clearly erroneous standard, and mixed questions of fact and law under a de novo standard. *See In re National Gypsum Co.*, 208 F.3d 498, 504 (5th Cir.), *cert. denied*, 531 U.S. 871 (2000). A bankruptcy court's findings of fact are reversed only if, based on the entire evidence, the appellate court is left "with the definite and firm conviction that a mistake has been made." *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993).

III. Analysis

Huddleston raises six points of error on appeal but cites no case law supporting his arguments. After review of the bankruptcy court record, the briefs of the parties, and the applicable law, the Court concludes that the bankruptcy court's findings of fact are not clearly erroneous. Furthermore, the bankruptcy court's conclusions of law are correct. The bankruptcy court did not err in excepting Fort Apache's claim from discharge because Huddleston failed to plead the affirmative defense of election of remedies. *See JPMorgan Chase Bank, N.A. v. Classic Home Financial, Inc., 548 Fed. App'x 205, 208–209 (5th Cir. 2013).* Because Huddleston failed to plead the affirmative defense of election of remedies, the bankruptcy court did not err in finding Huddleston had no defense of election of remedies as Huddleston alleges in his sixth issue on appeal.

In Huddleston's brief he admits that the pleadings, the evidence, and the bankruptcy court's findings of fact and conclusions of law support piercing the corporate veil. Huddleston makes a convoluted argument without any legal support that Fort Apache would not be harmed by only receiving the money Huddleston owes it personally under the June 2014 Agreement. Huddleston failed to cite the Court to any authority supporting this argument. The Court is not persuaded by Huddleston's argument. Thus, the bankruptcy court did not err in piercing the veil to find Huddleston personally liable for Huddleston Exploration's debt. *See Mosa v. Wilson-*

4

*Bates Furniture Co.*, 583 P.2d 453, 454–455 (Nev. 1978). Because the bankruptcy court properly pierced the veil, the court did not err in calculating the amount of Fort Apache's claim excepted from discharge and did not err in awarding attorney's fees.

Huddleston argues the bankruptcy court erred in admitting allegedly irrelevant evidence of facts that occurred prior to the June 2014 Agreement. Given that these facts contributed to the court's determination Huddleston committed fraud and supported piercing the veil, the facts were relevant and properly admitted. *See* FED. R. EVID. 401. Thus, the bankruptcy court did not err by including the evidence of facts occurring prior to the June 2014 Agreement.

## IV. Conclusion

The Court concludes the bankruptcy court's findings of fact are not clearly erroneous, and the bankruptcy court's conclusions of law are correct. Accordingly, the Court **AFFIRMS** the bankruptcy court's final judgment dated July 6, 2017, as well as the bankruptcy court's findings of fact and conclusions of law dated March 31, 2017.

**SO ORDERED.**

Signed March 6th, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE